**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4846**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD KEITH SUGGS, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, District
Judge.  (CR-03-110)

———————

Submitted:  April 21, 2004        Decided:  April 29, 2004

———————

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Edward Keith Suggs, Jr., pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Suggs to sixty-five months imprisonment followed by three years of supervised release. Suggs appeals his conviction and sentence. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious grounds for appeal. Suggs was informed of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Counsel first questions whether the district court erred by denying Suggs's motion to suppress. Factual findings underlying a motion to suppress are reviewed for clear error, and legal determinations are reviewed de novo. Ornelas v. United States, 517 U.S. 690, 691 (1996). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). Guided by these standards, we find no error in the district court's determination that the affidavit supporting the search warrant for Suggs's residence, though perhaps inartfully written, did not contain false statements in reckless disregard for the truth. See Franks v. Delaware, 438 U.S. 154 (1978).

Next, Suggs challenges the sixty-five month sentence imposed by the district court.  We find that the guideline range was correctly calculated.  Furthermore, because the sentence is within the properly calculated guideline range and the statutory maximum penalty for the offense, this court has no authority to review the district court's imposition of this specific sentence. United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

As required by Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm Suggs's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED